**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
**RUPERT STAMPS** )
)
**Plaintiff,** )
)
) **Civil Action No. 08-00342 (CKK)**
**v.** ) **(ECF)**
)
**TRACEY JOHNS, et al.,** )
)
**Defendants.** )
_____)

### FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (6), the Federal Bureau

of Prisons ("BOP") and Tracey Johns, former Warden, USP Coleman; Ronda Hunter, former

Health Services Administrator at USP Coleman; Ivan Negron, Clinical Director, USP Coleman;

Mark Tidwell, Medical Officer, USP Colman; Rafael Roman, Medical Officer, USP Colman;

Luis DeJesus, former Physicians Assistant at USP Coleman (retired) ("Individual Defendants")

(BOP and Individual Defendants collectively "Federal Defendants"), by and through the

undersigned counsel, respectfully file this Motion to Dismiss in response to the complaint filed

by Rupert Stamps, Register No. 02326-000 ("Plaintiff").  Federal Defendants respectfully refer

the Court to the accompanying memorandum in support of this motion and proposed order.

*Pro se* Plaintiff will take note that if he fails to respond to this Motion to Dismiss, the

Court may grant this motion and dismiss his case because of his failure to respond.  *See Fox v.*

*Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

May 23, 2008                                Respectfully submitted,

                                            _/s/_____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney


                                            __/s/_____
                                            RUDOLPH CONTRERAS, D.C. BAR # 434122
                                            Assistant United States Attorney


                                            _/s/_____
                                            KENNETH ADEBONOJO
                                            Assistant United States Attorney
                                            Judiciary Center Building
                                            555 4th Street, N.W. – Civil Division
                                            Washington, D.C.  20530
                                            (202) 514-7157
                                            (202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused copies of the foregoing Federal Defendants' Motion to Dismiss was served by first class mail upon *pro se* plaintiff at:

Rupert Stamps, Reg. No. 02326-000
USP ATLANTA
U.S. PENITENTIARY
P.O. BOX 150160
ATLANTA, GA  30315


on this 23rd day of May, 2008          _/s/_____
                                        KENNETH ADEBONOJO
                                        Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RUPERT STAMPS** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 08-00342 (CKK)** |
|  | ) **(ECF)** |
| **TRACEY JOHNS, et al.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Federal Bureau of Prisons ("BOP") and Tracey Johns, former Warden, USP Coleman;

Ronda Hunter, former Health Services Administrator at USP Coleman; Ivan Negron, Clinical

Director, USP Coleman; Mark Tidwell, Medical Officer, USP Colman; Rafael Roman, Medical

Officer, USP Colman; Luis DeJesus, former Physicians Assistant at USP Coleman (retired)

("Individual Defendants") (BOP and Individual Defendants collectively "Federal Defendants"),[1]

by and through the undersigned counsel, respectfully submit this memorandum of law in support

of their Motion to Dismiss the complaint filed by Rupert Stamps, Register Number 02326-000

("Plaintiff"), originally in the District of Columbia Superior Court and subsequently removed to

this Court by Federal Defendants.

---

[1] Although the District Court docket sheet suggests that the United States Attorney General is a defendant in this action, a review of Plaintiff's complaint and the Superior Court docket sheet reveals that Plaintiff's intention was to name the BOP as a defendant and he merely included the Attorney General only as head of the Agency for service purposes only. Indeed, the Superior Court docket sheet clearly establishes that the "[c]omplaint summons and I.O. with acknowledgment form mailed to Defendant Federal Bureau of Prisons-serving Alberto Gonzales by clerk pursuant to SCR-54-II this date December 3, 2007...." *Ex.* A. The Attorney General is not otherwise listed as an independent defendant in Plaintiff's complaint or on the Superior Court's docket sheet.

## I. INTRODUCTION AND SUMMARY

Plaintiff's one-page, one-paragraph complaint should be dismissed for the following reasons: sovereign immunity bars his claims against BOP and Individual Defendants in their official capacities; to the extent Plaintiff appears to allege a tort claim this Court would lack subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies and he failed to name the proper defendant; Plaintiff has failed to properly serve the Individual Defendants in their personal capacities; venue is improper in this District; and Plaintiff has failed to state a claim upon which relief can be granted because, *inter alia*, he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

## II. FACTUAL BACKGROUND

Plaintiff is D.C. Code offender currently serving a life sentence for Armed Burglary II, Assault With Intent to Rob While Armed, Possession of a Firearm During a Crime of Violence and Carrying a Pistol Without a Licence. *See* Inmate Information, *Ex*. B.[2] On or about November 27, 2007, Plaintiff commenced this action against the District of Columbia[3] and Federal Defendants in Superior Court alleging that Federal Defendants "have breached the DC prisoner interstate contract agreement of medical terms violation and the medical staff failure to

---

[2]    In 1997, Congress passed the Revitalization Act (Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745) which required the District of Columbia Department of Corrections to close its Lorton, Virginia facility by December 31, 2001. The Revitalization Act also required that the BOP assume custody of all sentenced felons coming out of District of Columbia courts no later than December 31, 2001. Thus, plaintiff is a DC felon who is now in full custody of the BOP.

[3]    The Superior Court docket sheet indicates the a Motion to Dismiss was filed on behalf of the District of Columbia on January 17, 2008, and same was granted by Order dated February 8, 2008.

grant medical treatment of physical body damage or...address the cause of damage or provide

healing[]" in violation of D.C. Code §§24:701, 24:704.[4]  The Code provisions Plaintiff cites

address rehabilitation of individuals, including prisoners, addicted to narcotics.  D.C. Code

§§24:701, 24:704.  Due to a lack of specificity, it is impossible to discern how these D.C. Code

provisions are implicated in his claims against Federal Defendants.  Nevertheless, a fair reading

of Plaintiff's complaint suggests that he may be seeking to bring a tort claim for alleged

inadequacies in the standard of medical care he received while incarcerated at United States

Penitentiary ("USP") Coleman, Florida or Georgia, where Plaintiff is currently incarcerated.

The allegations Plaintiff levels in his complaint took place while he was incarcerated at

USP Coleman.  He was transferred to USP Atlanta on or about April 2, 2008.  *Id*.  Plaintiff is

seeking damages in the amount of $5 million against Federal Defendants in their "individual

capacit[ies]."  Pursuant to 28 U.S.C. §§1442(a)(1) and 1446, Federal Defendants removed

Plaintiff's complaint to this Court on February 28, 2008.  *Docket Entry* 1.

### III. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S.

41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*).

Hence, the focus is on the language in the complaint, and whether that language sets forth

---

[4]    Plaintiff also references D.C. Code 22-105, which is defunct.  An independent search suggests Plaintiff is referring to D.C. Code 22-1805, which addresses co-conspirator liability.

sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id*.

### IV. ARGUMENT

### A.   SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE BOP AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." *Meyer*, *supra*, 510 U.S. at 475. This Circuit has explicitly held that sovereign immunity bars the BOP from liability. *Galvan v. Fed. Prison Ind.*, 199 F.3d 461, 462 (D.C. Cir. 1999). As will be set forth below, Plaintiff has failed to serve Federal Defendants in their

4

individual capacities therefore his complaint is construed against them in their official capacities only. Accordingly, sovereign immunity bars Plaintiff's action against Federal Defendants in their official capacities and against the Bureau of Prisons and it should be dismissed.

Since the basis of Plaintiff's allegations against Federal Defendants is the D.C. Code, it appears that he has not pled a constitutional or *Bivens* claim.[5]  Rather, a fair reading of Plaintiff's complaint suggests that he may be seeking tort relief for alleged inadequate medical care, which is a common law tort which can only be brought under the Federal Tort Claims Act ("FTCA"). The FTCA does not allow suits to be brought against government agencies like the BOP or federal agency employees acting within the scope of their official duties.  28 U.S.C. § 2679(a). *Vanover v. Hantman*, 77 F. Supp. 2d 91, 97 (D.D.C. 1999) ("Section 2679 gives federal employees absolute immunity from tort liability for acts done in the scope of their employment."); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981); *Hagmeyer v. Dep't of Treasury*, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury).  Only the United States is subject to suit under this statute.

If indeed Plaintiff is attempting to bring an FTCA claim, this Court would lack jurisdiction because he has failed to exhaust his administrative remedies.  The FTCA has certain

---

[5]        *Bivens v. Six Unknown Agents of Fed. Bur. of Narc.*, 403 U.S. 388 (1971).

5

conditions that must be met in order for a party to bring suit against the United States.  Absent

full compliance with these conditions, this Court lacks jurisdiction to entertain tort claims against

the United States.  *GAF Corp. v. United States*, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987).

One such condition is contained in 28 U.S.C. § 2675(a) which states:

> An action shall not be instituted upon a claim
> against the United States for damages for injury or
> loss of property or personal injury ... caused by the
> negligent or wrongful act or omission of any
> employee of the Government while acting within
> the scope of his office or employment, unless the
> claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have
> been finally denied by the agency ....

The courts have uniformly held that the filing of a claim pursuant to 28 U.S.C. § 2675(a)

is a jurisdictional prerequisite to filing an action pursuant to the FTCA.  *McNeil v. U.S.*, 508 U.S.

106, 111 (1993) ("The command that an 'action shall not be instituted ... unless the claimant shall

have first presented the claim to the appropriate Federal agency and his claim shall have been

finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.");

*GAF Corp.*, 818 F.2d at 919; *Bowden v. U.S.*, 106 F.3d 433 (D.C. Cir. 1997); *Buss v. United*

*States*, No. 96-5138, 1997 WL 195522, at *1 (D.C. Cir. March 5, 1997); *Simpkins v. District of*

*Columbia Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997); *Brug v. National Coalition for Homeless*,

45 F. Supp. 2d 33, 44 (D.D.C. 1999); *Johnson v. DiMario*, 14 F. Supp.  2d 107, 111 (D.D.C.

1998); *Williams v. District of Columbia*, No. 95CV0936 (RMU), 1996 WL 422328 (D.D.C. July

19, 1996).  Moreover, a plaintiff cannot cure his jurisdictional defect by exhausting

administrative remedies after filing his complaint.  *McNeil*, 508 U.S. at 112 (1993). Plaintiff's

complaint does not reflect that he has exhausted his claims pursuant to the FTCA.  Thus, it

6

appears that he has failed to meet a jurisdictional requirement to filing this lawsuit.

Indeed, to the extent that he attempts to name defendants other than the United States, there is a limited waiver of sovereign immunity and Congress has provided only for suits against the United States. See 28 U.S.C. § 1346(b)(1); *Scanwell Lab., Inc. v. Thomas*, 521 F.2d 941, 947 (D.C. Cir. 1975); *Richardson v. United States Dept. of Interior*, 740 F. Supp. 15, 20 n.10, 26 (D.D.C. 1990). Agencies and individual government employees cannot be sued under the FTCA. See 28 U.S.C. § 2679(a)(b)(1). Nor has Plaintiff exhausted his administrative remedies.

Finally, venue in cases brought under the FTCA, is governed by the provisions of 28 U.S.C. §1402, which requires that any such civil action on a tort claim against the United States may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. *Beattie v. United States*, 756 F.2d 91 (D.C. Cir. 1984). In this case, the applicable venue provision under the FTCA would require that Plaintiff bring this action either in Atlanta, where Plaintiff is currently incarcerated, or in Florida, where the alleged wrongful acts occurred.

**B.    THIS COURT LACKS PERSONAL JURISDICTION OVER FEDERAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES**

### 1.    Plaintiff's Burden

Plaintiff bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. *Kernan v. Kurz-Hastings, Inc*., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in *Edmond v. U.S. Postal Service*, 727 F. Supp. 7, 10 (D.D.C. 1989), *aff'd* in part and *rev'd* in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Plaintiff has not and cannot plead sufficient facts to establish personal jurisdiction in this District over the Individual Defendants.

### 2.    D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. *Crane v. Carr*, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's–
(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
(4) causing tortuous injury in the District of Columbia by an act or omission

8

> outside the District of Columbia if he regularly does
> or solicits business, engages in any other persistent
> course of conduct, or derives substantial
> revenue from goods used or consumed, or services
> rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real
> property in the District of Columbia;
> (6) contracting to insure or act as surety . . . ; or
> (7) marital or parent and child relationship. . . .
> (b) When jurisdiction over a person is based solely
> upon this section, only a claim for relief arising
> from acts enumerated in this section may be asserted against him.

In this case, Plaintiff could not establish proper *in personam* jurisdiction under § 13-423.

*Crane* 814 F.2d at 762. First, it is undisputed that the Individual Defendants do not reside in this

District. *Dkt Ent*. 5. On the contrary, they reside in locations outside of this District where

Plaintiff was and remains incarcerated.

Moreover, Plaintiff does not allege that the Individual Defendants transacted any business

or contracted to supply services in the District of Columbia or caused any tortious injury in the

District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions

of the sections (a)(3) and (4) of the "long arm" statute because the Plaintiff does not and cannot

claim that the Individual Defendants caused him tortious injury within the District of Columbia.

There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by

the Federal Defendants. Any injury to Plaintiff necessarily took place outside the District of

Columbia, since he was never housed here and all allegations in this action pertain to his

incarceration in various prisons outside this District. Therefore, this Court lacks personal

jurisdiction over the Individual Defendants for activities taking place outside the District of

Columbia.

### 3.    In Personam Jurisdiction Requires "Minimum Contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process.  *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).  "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, *Mouzavires v. Baxter*, 434 A.2d 988 (D.C. 1981) (*en banc*), *cert. denied*, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'  *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987)."  *Wiggins v. Equifax Inc.*, 853 F. Supp. 500 (D. D.C. 1994).  "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.'" [D.C. Code] § 13-423(b).  *Bayles v. K-Mart Corp.*, 636 F. Supp. 852, 854 (D.D.C. 1986).  *Id*. at 502.

Again, the burden would be on the plaintiff to establish that this Court could exercise personal jurisdiction over a non-resident defendant consistent with the Due Process Clause. *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D. D.C. 1998).  Plaintiff in this case has wholly failed to allege such facts, and the allegations against Federal Defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia.  The mere fact that the Individual Defendants are employees of the BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to

10

establish the requisite "minimum contacts" with the District of Columbia. *Cameron v. Thornburgh*, 983 F.2d 235, 256 (D.C. Cir. 1993); *James v. Reno*, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); *Meyer v. Reno*, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Here, the non-resident Federal Defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in Florida.

Plaintiff has failed to serve any of the Individual Defendants in their personal capacities. *See* District of Columbia Superior Court Docket Sheet, *Ex*. A. The docket sheet suggests that Plaintiff attempted to serve the Individual Defendants by "mail" rather than personally as required by SCR 4(i). Nevertheless, even if Plaintiff did successfully serve the Individual Defendants in their personal capacities, in personam jurisdiction would still be lacking in this case as to all Federal Defendants because Plaintiff has not shown that they are residents of the District of Columbia. Rather, since the complained-of events took place at USP-Coleman,

Florida, it is more likely that most of the Individual Defendants would be found there.

In his one–page, one-paragraph complaint, not only has Plaintiff failed to plead adequate jurisdictional facts, he has also failed to plead that the Individual Defendants' conducted resulted in actionable injuries in this District or that exercising personal jurisdiction over these Defendants does not offend fairness. Moreover, based on a reading of Plaintiff's complaint and the District of Columbia Docket Sheet, *Ex.* A, it appears Plaintiff served the Individual Defendants at work. Accordingly, they strongly suggest that Plaintiff attempted to serve the Individual Defendants by "mail" at work rather than personally as required by SCR 4(i). Service of the complaint on the Individual Defendants by mail at work suggests an action against them in their official capacities only. Even if Plaintiff did successfully serve the Individual Defendants in their personal capacities, in personam jurisdiction would still be lacking in this case as to all Federal Defendants because Plaintiff has not shown that they are residents of the District of Columbia. Rather, since the complained-of events took place at USP-Coleman, Florida, it is more likely that most of the Individual Defendants would be found there. Therefore, the motion to dismiss Federal Defendants under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

## C.    PROPER VENUE IS LACKING IN THIS DISTRICT

Plaintiff's claims must also be dismissed pursuant to Rule 12(b)(3) for improper venue. Since he brings this action under D.C. Code, his claims would be subject to dismissal on sovereign immunity grounds. *Jordan v. Evans*, 404 F.Supp.2d 28, (D.D.C. 2005)(holding that plaintiff failed to state a claim because District of Columbia City Council could not pass legislation containing a waiver of sovereign immunity for claims against the federal government).

Even if the Court were to construe Plaintiff's complaint as constituting a *Bivens* action, venue would still be improper under either 28 U.S.C. 1391(b) or 28 U.S.C. 1402.[6]

Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b).[7] *Stafford v. Briggs*, 444 U.S. 527, 544 (1980); *Cameron v. Thornburgh*, 983 F.2d 235, 257 (D.C. Cir. 1993); *Pollack v. Meese*, 737 F. Supp. 663, 665 (D.D.C. 1990). Under section 1391(b), a cause of action alleging constitutional claims may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

In the instant case, venue is not proper in this District under 28 U.S.C. § 1391(b) because it appears all of the Individual Defendants reside in Florida and a substantial part of the events or omissions giving rise to Plaintiff's claims took place there. Venue in this District is improper under either venue provision. Therefore, the Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(3).

## D.    RESPONDEAT SUPERIOR PRECLUDES PLAINTIFF'S CLAIMS AGAINST WARDEN JOHNS IN HIS INDIVIDUAL CAPACITY

Plaintiff contends that, somehow, Federal Defendant Warden Johns violated his rights under the D.C. Code. Compl. at ¶1. Even if the Court were to construe Plaintiff's complaint as

---

[6]        As set forth above, venue for an FTCA claim is also inappropriate. *Infra*, at 7.

[7]        Venue in this District for Plaintiff's D.C. Code claims could be proper under 28 U.S.C. 1391(e) but those claims are subject t to dismissal on sovereign immunity grounds. Moreover, Plaintiff has not plead sufficient facts to determine whether the statute of limitations on his claims have run. Accordingly, Federal Defendants reserve the right to supplement this memorandum with that argument should facts arise that merit that argument.

13

raising a proper *Bivens* claim, which would be a strained reading of the *Bivens* doctrine, supervisory personnel may not be forced to defend a *Bivens* action under the doctrine of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Under the doctrine of *respondeat superior*, supervisory officials named as defendants cannot be held accountable for the actions of their subordinates unless they were personally involved, or had knowledge of and approved, the unconstitutional acts. *Id*. The supervisors' involvement in allegations made by the plaintiff must rise to the level of reckless or deliberate indifference to the rights of the plaintiff protected under the Constitution. Plaintiff must show that a defendant personally committed acts which violated his constitutional rights. *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, *supra*. To maintain a suit for damages against Federal Defendant Warden Johns in his individual capacity, Plaintiff must allege, and ultimately prove, that he was directly and personally responsible for the alleged violations. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987).

The Plaintiff is required to plead facts sufficient to establish that Warden Johns was personally involved or had knowledge of the alleged constitutional violations and failed to take any action. The Plaintiff has failed to assert any facts that would support a finding of liability against this supervisory defendant. Thus, Warden Johns must be dismissed because Plaintiff's claims against him appear to be solely based on the doctrine of *respondeat superior* because he is being sued based on his supervisory role.

**E.     PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE HE DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES**

Plaintiff failed to complete exhaustion of administrative remedies with regard to his

14

claims.  Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative

remedies as are available" before bringing a civil action in federal court.  42 U.S.C. §1997e(a).

*Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001).  In *Booth v. Churner*, 532 U.S.

731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison

administrative remedy process capable of addressing the inmate's complaint and providing some

form of relief, "regardless of the relief offered through administrative procedures."  *Id*. at 734.

The remedy system at issue in *Booth* was nearly identical to the three-level system used in the

federal prison system.

> The Pennsylvania Department of Corrections provided an
> administrative grievance system at the time. It called for a written
> charge within 15 days of an event prompting an inmate's
> complaint, which was referred to a grievance officer for
> investigation and resolution. If any action taken or recommended
> was unsatisfactory to the inmate, he could appeal to an
> intermediate reviewing authority, with the possibility of a further
> and final appeal to a central review committee. App. 46-50. While
> the grievance system addressed complaints of the abuse and
> excessive force Booth alleged, it had no provision for recovery of
> money damages.  Before resorting to federal court, Booth filed an
> administrative grievance charging at least some of the acts of abuse
> he later alleged in his action. *Id*., at 10-14. He did not, however, go
> beyond the first step, and never sought intermediate or final
> administrative review after the prison authority denied relief.

*Id*.

The Supreme Court affirmed dismissal of the case for failure to complete exhaustion of

the inmate's administrative remedy appeals.  The Court also closed the door on any futility

arguments made by inmates, stating, "we will not read futility or other exceptions into statutory

exhaustion requirements where Congress has provided otherwise."  *Id*. at 1825.  Exhaustion of

*all stages* of the administrative remedy system is therefore mandatory before a federal action may

be commenced by a prisoner.

The Bureau of Prisons' administrative remedy procedure is set out at 28 C.F.R. §542.10 *et seq.*, and provides for formal review of any complaint which relates to any aspect of the inmate's confinement.  28 C.F.R. §542.10 et seq.  Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team.  A record of that attempt is signed by the inmate and a member of the Unit Team.   If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred.  28 C.F.R. §542.14.  If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director.  If the inmate is dissatisfied with that response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C.  28 C.F.R. §542.15.  Appeal to the Office of General Counsel is the final appeal in the BOP.

Plaintiff has not filed an administrative remedy in this matter regarding *any* of the issues raised in this complaint.  *See* Hill Decl., *Ex*. C.  Because Plaintiff did not pursue his complaints through all three levels of administrative review, the issues raised in the complaint are not justiciable by the court and the complaint should be dismissed with prejudice as to *all* Federal Defendants.

**F.     THE INDIVIDUAL DEFENDANTS ARE SHIELDED FROM LIABILITY BY QUALIFIED IMMUNITY**

The Individual Defendants are entitled to qualified immunity.  *See  Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Davis v. Scherer*, 468 U.S. 183, 191 (1984); *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  Under the doctrine of qualified immunity, individually-

named federal Defendants sued for money damages for violations of constitutional rights are immune from suit if, *inter alia*, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional or statutory right of which a reasonable person would have known. *Saucier v. Katz*, 533 U.S. 194, 196 (2001); *Harlow*, 457 U.S. at 818; *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998); *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Zweibon v. Mitchell*, 720 F.2d 162, 168 (D.C. Cir. 1983) ("once the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases."), *cert. denied*, 469 U.S. 880 (1984).

Once the individual Defendant raises qualified immunity, courts must resolve two issues: (1) whether a constitutional right would have been violated on the facts alleged; and if the violation is established, then (2) whether the right alleged to have been violated was clearly established such that a reasonable person would have known. *Saucier*, 533 U.S. at 196. Plaintiff's complaint does not allege the violation of constitutional or statutory rights that are clearly established under law and was properly dismissed below.

Although the Eighth Amendment does not tolerate inhumane prison conditions, neither does it "mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Nevertheless, deprivations suffered by inmates as a result of their incarceration only become violations of the Eighth Amendment when they deny "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S.337, 347 (1981)). As interpreted by *Rhodes*, prison conditions constitute cruel and unusual

17

punishment if they involve the "wanton and unnecessary infliction of pain" or if they are "grossly disproportionate to the severity of the crime warranting imprisonment." 452 U.S. at 346-47. The Eighth Amendment must "draw its meaning from the evolving standards of decency that mark the progress of a maturing society. *Id*. at 346.

Importantly, the Eighth Amendment gives the courts no license "to manage prisons . . . or . . . to second-guess prison administrators." *Ruiz v. Estelle*, 679 F.2d 1115, 1125 (5th Cir. 1982). When measured by these standards, the plaintiff's factual allegations fall short of stating an arguable claim of constitutional dimension. To the extent that "[prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Furthermore, the Supreme Court has held that federal courts should not become "enmeshed in the minutiae of prison operations," *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).

If the Court were to construe Plaintiff as making an Eighth Amendment "deliberate indifference" claim with regards to a lack of medical care, the Supreme Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer, supra,* at 839. *Farmer* held that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. More than mere negligence to support a claim of cruel and unusual punishment. *Estelle*, 429 U.S. 97 at 106 ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). "'[I]t is obduracy and

18

wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  The government actor's conduct must be "so grossly contrary to accepted medical practices as to amount to deliberate indifference."

Here, Plaintiff cannot traverse the first prong of the *Harlow* test.  Again, it bears noting that Plaintiff's one-page complaint does not even come remotely close to being sufficiently specific to meet the strictures of an Eighth Amendment claim.  Plaintiff merely alleges that the medical staff at USP Coleman failed to grant medical treatment.  Plaintiff's complaint lacks sufficient specificity as to enable the Court to evaluate whether the medical staff was deliberately indifferent or subjectively reckless.  In the absence of such a showing, the Court need not conduct the second prong of the Harlow test, *i.e.* whether the right Plaintiff alleges Federal Defendants violated was clearly established.

Plaintiff's complaint's principal flaw is that it lack sufficient detail.  Although the Plaintiff has alleged the responsibility of BOP staff, he has not presented any facts which would show their involvement in any way.  Pleadings must be specific enough and must contain *facts*, not mere assertions, showing that a defendant's own acts have resulted in a violation in order to state a cognizable constitutional claim.  Facts, not conclusions, are required to state a claim. *Twombly*, *supra*.

## CONCLUSION

Upon the foregoing, Federal Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice.

19

May 23, 2008                                 Respectfully submitted,

                                             _/s/_____
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney


                                              _/s/_____
                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                             Assistant United States Attorney


                                              _/s/_____
                                             KENNETH ADEBONOJO
                                             Assistant United States Attorney
                                             Judiciary Center Building
                                             555 4th Street, N.W. – Civil Division
                                             Washington, D.C.  20530
                                             (202) 514-7157

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RUPERT STAMPS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 08-00342 (CKK)** |
| **v.** | ) **(ECF)** |
| | ) |
| **TRACEY JOHNS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

UPON CONSIDERATION of the Federal Defendants' Motion To Dismiss Plaintiff's

Complaint, support thereof, the grounds stated therefore and the entire record in this matter, it is

by the Court this _____ day of _____, 2008, it is hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
HON. COLLEEN KOLLAR-KOTELLY, U.S.D.J.

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W
Washington, D.C. 20530

Rupert Stamps, Reg. No. 02326-000
USP ATLANTA
U.S. PENITENTIARY
P.O. BOX 150160
ATLANTA, GA  30315

## 2007 CA 007889 M STAMPS, Mr RUPERT Vs. JOHNS, WARDEN T

| **File Date** | 11/27/2007 | **Case Status** | Open | **Case Status Date** | 11/27/2007 |
| | | **Case Disposition** | Undisposed | **Case Disposition Date** | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| STAMPS, Mr RUPERT | | PLAINTIFF | PRO SE | |
| JOHNS, WARDEN T | | Defendant | | |
| HUNTER, Mrs | | Defendant | | |
| ROMAN, Dr | | Defendant | | |
| NEGRON, Dr | | Defendant | | |
| TIDWELL, Dr | | Defendant | | |
| DEJESUS, P.A. | | Defendant | | |
| FEDERAL BUREAU OF PRISONS | | Defendant | | |
| CORPORATION COUNSEL | | Defendant | BRUCKHEIM, Mr MICHAEL P | (202)727-3625 |
| WILLIAMSON, WARDEN T | | Defendant | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 09/05/2008 | 11:30 AM | Status Hearing | |

### Docket Entries

| Date | Text |
|---|---|
| 05/14/2008 | Returned: Status Hearing Entered on: March 6, 2008 Mailed to:P.A. Dejesus Returned to Court on:April 15, 2008 Reason: Unable to forward |
| 05/14/2008 | Returned:Status Hearing Entered on: March 6, 2008 Mailed to:Warden Tracy Johns Returned to Court on: April 11, 2008 Reason: Unable to forward |
| 04/24/2008 | Motion to Amend and Supplement Pursuant to Rule 15(b)( of the Federal Rules of Civil Procedure Filed: Attorney: PRO SE (999999) PRO SE (Attorney) on behalf of Mr RUPERT STAMPS (PLAINTIFF) |
| 03/18/2008 | Order Re: Notice of Removal of Complaint entered on: Mailed to: Tracy Johns Returned to Court on: 3-18-08 Reason: Return To Sender |
| 03/05/2008 | Proof of Service to Order Staying Proceedings submitted 03/05/2008 17:02. ajm. signed by Judge Vincent on March 5, 2008. |
| 03/05/2008 | Order Staying Proceedings submitted 03/05/2008 17:02. ajm. signed by Judge Vincent on March 5, 2008. |
| 03/05/2008 | Event Scheduled Event: Status Hearing Date: 09/05/2008 Time: 11:30 am Judge: VINCENT, ODESSA F Location: Courtroom B-52 |
| 03/05/2008 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 03/05/2008 17:11:09 |

03/05/2008 Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 03/07/2008 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Vacated Judge: VINCENT, ODESSA F Location: Courtroom B-52

03/05/2008 Order staying proceedings and scheduling status hearing signed by Judge VIncent, efiled/served (plaintiff Stamps and defendants served via US mail, defendant DC eserved) and entered on the docket this day.

02/08/2008 Proof of Service to Order Granting Motion to Dismiss and Dismissing Defendant Corporation Counsel Signed by J/Vincent on 02/08/08. submitted 02/08/2008 15:11. ck

02/08/2008 Order Granting Motion to Dismiss and Dismissing Defendant Corporation Counsel Signed by J/Vincent on 02/08/08. submitted 02/08/2008 15:11. ck

02/08/2008 Order Granting motion to dismiss DC as defendant signed by Judge Vincent, efiled/served (copies to all parties except DC via US mail) and Entered on the Docket this day.

02/07/2008 Order Regarding Plaintiffs' Letter: entered on: 01/16/08 Mailed to: Mrs. Hunter Returned to Court on: 02/07/08 Reason: Refused

02/01/2008 Order Regarding Plaintiffs' Letter: entered on: 02/01/08 Mailed to: Tracy Johns Returned to Court on: 02/01/08 Reason: Refused

01/17/2008 Defendant Corporation Counsel's Motion to Dismiss the Complaint Filed. submitted 01/17/2008 18:05. tw Attorney: BRUCKHEIM, Mr MICHAEL P (455192) CORPORATION COUNSEL (Defendant);

01/16/2008 Proof of Service to Order Prohibiting Ex Parte Communications Signed by Judge Vincent on January 16, 2008. Submitted 01/16/2008 09:14. sams.

01/16/2008 Order Prohibiting Ex Parte Communications Signed by Judge Vincent on January 16, 2008. Submitted 01/16/2008 09:14. sams.

01/16/2008 Amended Order prohibiting ex parte communications signed by Judge Vincent, efiled and entered on docket this day. Copies sent to parties via U.S. mail this day.

01/16/2008 Order prohibiting ex parte communications signed by Judge VIncent January 15, 2008. Efiled January 16, 2008. Copies sent to parties via U.S. mail.

12/31/2007 Judge Caseload Transfer The judge was changed from WRIGHT, MELVIN R to VINCENT, ODESSA .

12/31/2007 Event Scheduled Event: Initial Scheduling Conference-60 Date: 03/07/2008 Time: 9:30 am Judge: VINCENT, ODESSA F Location: Courtroom B-52 Result: Scheduling Conference Hearing Vacated

12/17/2007 Notice entered on: Mailed to: Mrs. Hunter Hosp. Administrator USP #1 Returned to Court on: 12-17-07 Reason: Return To Sender

12/17/2007 Notice entered on: Mailed to: PA DeJesus, USP #1 Coleman Returned to Court on: 12-17-07 Reason: Return To Sender

12/04/2007 Issue Date: 12/04/2007 Service: Summons Issued Method: Service Issued Cost Per: $ JOHNS, WARDEN TRACY 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038959 HUNTER, Mrs 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038960 ROMAN, Dr 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038961 NEGRON, Dr 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038962 TIDWELL, Dr 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038963 DEJESUS, P.A. 846 SE 54th Terrace COLEMAN, FL 33521 Tracking No: 5000038964 FEDERAL BUREAU OF PRISONS 320 1st Street, NW WASHINGTON, DC 20001 Tracking No: 5000038965 CORPORATION COUNSEL 441 4th St Nw 6th Fl South Wash, DC 20001 Tracking No: 5000038966 WILLIAMSON, WARDEN TROY PO Box 3000 WHITE DEER, PA 17887 Tracking No: 5000038967

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Dr. Negron by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Dr. Roman by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Dr. Tidwell by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 BComplaint Summons and I.O. with Acknowledgment Form mailed to Defendant Federal

Bureau of Prison-Serving Alberto Gonzales by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Warden Tracy Johns by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Warden Troy Williamson by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Mrs. Hunter by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Corporation Counsel- Serving Dalene Fields by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant P.A. DeJesus by the Clerk Pursuant to SCR 54-II this date: December 3, 2007. Mr RUPERT STAMPS (PLAINTIFF);

12/03/2007 Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Tignor July 11, 2007; recieved in the Civil Clerk's Office November 27, 2007 and Entered on the Docket December 3, 2007.

12/03/2007 Event Scheduled Event: Initial Scheduling Conference-60 Date: 03/07/2008 Time: 9:30 am Judge: WRIGHT, MELVIN R Location: Courtroom 200

11/27/2007 Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) Mr RUPERT STAMPS (PLAINTIFF);

11/27/2007 Complaint for Malpractice Medical Filed

```
BOPOI           *        PUBLIC INFORMATION        *     04-07-2008
PAGE 001        *           INMATE DATA            *     08:36:29
                         AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

                 RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 404-635-5100    FAX: 404-331-2403
                                        RACE/SEX...: BLACK / MALE
                                        AGE: 44
PROJ REL MT: LIFE                       PAR ELIG DT: 09-29-2011
PROJ REL DT: LIFE                       PAR HEAR DT: 03-2011
------------------------- ADMIT/RELEASE HISTORY -------------------------
FCL    ASSIGNMENT   DESCRIPTION              START DATE/TIME STOP  DATE/TIME
ATL    A-DES        DESIGNATED, AT ASSIGNED FACIL 04-02-2008 1500 CURRENT
B14    RELEASE      RELEASED FROM IN-TRANSIT FACL 04-02-2008 1500 04-02-2008 1500
B14    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-02-2008 0451 04-02-2008 1500
TAL    HLD REMOVE   HOLDOVER REMOVED              04-02-2008 0451 04-02-2008 0451
TAL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF 04-01-2008 1843 04-02-2008 0451
B14    RELEASE      RELEASED FROM IN-TRANSIT FACL 04-01-2008 1843 04-01-2008 1843
B14    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-01-2008 1218 04-01-2008 1843
COP    TRANSFER     TRANSFER                      04-01-2008 1218 04-01-2008 1218
COP    A-DES        DESIGNATED, AT ASSIGNED FACIL 10-03-2007 1130 04-01-2008 1218
COP    LOCAL HOSP   ESC TRIP TO LOCAL HOSP W/RETN 10-03-2007 0850 10-03-2007 1130
COP    A-DES        DESIGNATED, AT ASSIGNED FACIL 07-06-2005 1924 10-03-2007 0850
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL 07-06-2005 1924 07-06-2005 1924
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 07-06-2005 1000 07-06-2005 1924
OKL    HLD REMOVE   HOLDOVER REMOVED              07-06-2005 0900 07-06-2005 0900
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF 06-20-2005 1715 07-06-2005 0900
5-T    RELEASE      RELEASED FROM IN-TRANSIT FACL 06-20-2005 1815 06-20-2005 1815
5-T    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 06-20-2005 0725 06-20-2005 1815
ALP    TRANSFER     TRANSFER                      06-20-2005 0725 06-20-2005 0725
ALP    A-DES        DESIGNATED, AT ASSIGNED FACIL 12-16-2003 0629 06-20-2005 0725
B01    RELEASE      RELEASED FROM IN-TRANSIT FACL 12-16-2003 0629 12-16-2003 0629
B01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 12-16-2003 0520 12-16-2003 0629
LEW    HLD REMOVE   HOLDOVER REMOVED              12-16-2003 0520 12-16-2003 0520
LEW    A-HLD        HOLDOVER, TEMPORARILY HOUSED  12-15-2003 1846 12-16-2003 0520
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL 12-15-2003 1846 12-15-2003 1846
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 12-15-2003 1015 12-15-2003 1846
OKL    HLD REMOVE   HOLDOVER REMOVED              12-15-2003 0915 12-15-2003 0915
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF 12-05-2003 1745 12-15-2003 0915
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL 12-05-2003 1845 12-05-2003 1845
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 12-05-2003 1128 12-05-2003 1845
LOM    TRANSFER     TRANSFER                      12-05-2003 0828 12-05-2003 0828
LOM    A-DES        DESIGNATED, AT ASSIGNED FACIL 10-10-2002 1408 12-05-2003 0828
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL 10-10-2002 1708 10-10-2002 1708
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 10-10-2002 0910 10-10-2002 1708
OKL    HLD REMOVE   HOLDOVER REMOVED              10-10-2002 0810 10-10-2002 0810
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF 09-25-2002 1636 10-10-2002 0810
7-J    RELEASE      RELEASED FROM IN-TRANSIT FACL 09-25-2002 1736 09-25-2002 1736


G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPOI          *      PUBLIC INFORMATION       *     04-07-2008
PAGE 002       *          INMATE DATA          *     08:36:29
                       AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

                  RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 404-635-5100    FAX: 404-331-2403
7-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-25-2002 0753 09-25-2002 1736
POL    TRANSFER    TRANSFER                       09-25-2002 0653 09-25-2002 0653
POL    A-DES       DESIGNATED, AT ASSIGNED FACIL  09-07-2001 1232 09-25-2002 0653
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-07-2001 1332 09-07-2001 1332
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-07-2001 0930 09-07-2001 1332
OKL    HLD REMOVE  HOLDOVER REMOVED               09-07-2001 0830 09-07-2001 0830
OKL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  08-13-2001 1815 09-07-2001 0830
5-T    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-13-2001 1915 08-13-2001 1915
5-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-13-2001 1015 08-13-2001 1915
ALP    TRANSFER    TRANSFER                       08-13-2001 1015 08-13-2001 1015
ALP    A-DES       DESIGNATED, AT ASSIGNED FACIL  04-06-2000 1435 08-13-2001 1015
B01    RELEASE     RELEASED FROM IN-TRANSIT FACL  04-06-2000 1435 04-06-2000 1435
B01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-06-2000 1257 04-06-2000 1435
LEW    HLD REMOVE  HOLDOVER REMOVED               04-06-2000 1257 04-06-2000 1257
LEW    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  04-03-2000 2007 04-06-2000 1257
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL  04-03-2000 2007 04-03-2000 2007
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-03-2000 0900 04-03-2000 2007
OKL    HLD REMOVE  HOLDOVER REMOVED               04-03-2000 0800 04-03-2000 0800
OKL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  03-29-2000 1645 04-03-2000 0800
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-29-2000 1745 03-29-2000 1745
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-29-2000 0750 03-29-2000 1745
THA    TRANSFER    TRANSFER                       03-29-2000 0750 03-29-2000 0750
THA    A-DES       DESIGNATED, AT ASSIGNED FACIL  06-11-1998 1155 03-29-2000 0750
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL  06-11-1998 1255 06-11-1998 1255
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-11-1998 0945 06-11-1998 1255
OKL    HLD REMOVE  HOLDOVER REMOVED               06-11-1998 0845 06-11-1998 0845
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   06-08-1998 1830 06-11-1998 0845
B01    RELEASE     RELEASED FROM IN-TRANSIT FACL  06-08-1998 1930 06-08-1998 1930
B01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-08-1998 0730 06-08-1998 1930
LEW    TRANSFER    TRANSFER                       06-08-1998 0730 06-08-1998 0730
LEW    A-DES       DESIGNATED, AT ASSIGNED FACIL  10-20-1997 1900 06-08-1998 0730
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL  10-20-1997 1900 10-20-1997 1900
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-20-1997 0815 10-20-1997 1900
OKL    HLD REMOVE  HOLDOVER REMOVED               10-20-1997 0715 10-20-1997 0715
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   10-10-1997 1715 10-20-1997 0715
S07    RELEASE     RELEASED FROM IN-TRANSIT FACL  10-10-1997 1815 10-10-1997 1815
S07    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-10-1997 0610 10-10-1997 1815
FLP    TRANSFER    TRANSFER                       10-10-1997 0410 10-10-1997 0410




G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPOI          *        PUBLIC INFORMATION        *      04-07-2008
PAGE 003       *          INMATE DATA             *      08:36:29
                        AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

              RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 404-635-5100    FAX: 404-331-2403
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F8760-92
JUDGE...........................: KENNEDY
DATE SENTENCED/PROBATION IMPOSED: 06-09-1993
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-16-1995
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 605
OFF/CHG: DC CODE - ARMED BURGLARY II; ARMED ROBBERY

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:    12 YEARS
 DC MANDATORY MINIMUM TERM......:     5 YEARS
 DATE OF OFFENSE................: 08-13-1992




G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPOI          *        PUBLIC INFORMATION         *     04-07-2008
   PAGE 004        *            INMATE DATA            *     08:36:29
                             AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

                  RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 404-635-5100   FAX: 404-331-2403
-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....: 602
OFF/CHG: DC CODE - ASSAULT WITH INTENT TO ROB WHILE ARMED; POSS. OF A F
         IREARM DURING CRIME OF VIOLENCE. CARRYING A PISTOL WITHOUT A
         LICENSE.

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:     12 YEARS
 DC MANDATORY MINIMUM TERM......:      5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
 DATE OF OFFENSE................: 08-13-1992




-----------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 11-09-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-17-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010, 030 020




G0070       PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002       MORE PAGES TO FOLLOW . . .
```

```
  BOPOI          *        PUBLIC INFORMATION         *      04-07-2008
  PAGE 005       *           INMATE DATA             *      08:36:29
                           AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

                  RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 404-635-5100    FAX: 404-331-2403
DATE COMPUTATION BEGAN..........: 06-09-1993
AGGREGATED SENTENCE PROCEDURE..: DC GTC ACT ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:    24 YEARS
COMBINED MANDATORY MINIMUM......:    10 YEARS
EARLIEST DATE OF OFFENSE........: 08-13-1992


JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     08-19-1992    06-08-1993

TOTAL JAIL CREDIT TIME..........: 294
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 09-29-2011
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE


NEXT PAROLE HEARING DATE........: 03-00-2011
TYPE OF HEARING.................: INITIAL


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE






G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPOI          *          PUBLIC INFORMATION          *     04-07-2008
PAGE 006        *               INMATE DATA            *     08:36:29
                            AS OF 04-07-2008

REGNO..: 02326-000 NAME: STAMPS, RUPERT

                RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  03-05-1990 VIA MAND REL

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ------------------------
COURT OF JURISDICTION...........: VIRGINIA, EASTERN DISTRICT
DOCKET NUMBER...................: CR86-00309-A(#11)
JUDGE...........................: HILTON
DATE SENTENCED/PROBATION IMPOSED: 04-03-1987
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 12-07-1987
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  115
OFF/CHG: RIOTING WHILE CARRYING A DEADLY AND DANGEROUS WEAPON-T18USC13
         (ASSIMILATING 18.2-405 CODE OF VA 1950 & 2)-CT.1

 SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
 SENTENCE IMPOSED/TIME TO SERVE.:     3 YEARS
 DATE OF OFFENSE................: N/A




G0070        PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002        MORE PAGES TO FOLLOW . . .
```

```
   BOPOI          *        PUBLIC INFORMATION        *      04-07-2008
   PAGE 007        *          INMATE DATA            *      08:36:29
                            AS OF 03-05-1990

REGNO..: 02326-000 NAME: STAMPS, RUPERT

              RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 404-635-5100   FAX: 404-331-2403
-------------------------PRIOR COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-08-1990 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 12-07-1987
TOTAL TERM IN EFFECT............:     3 YEARS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 252
PAROLE ELIGIBILITY..............: 12-06-1988
STATUTORY RELEASE DATE..........: 03-29-1990
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 06-09-1990
EXPIRATION FULL TERM DATE.......: 12-06-1990

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: CONTINUE TO EXPIRATION

ACTUAL SATISFACTION DATE........: 03-05-1990
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: AMD

DAYS REMAINING..................: 276
FINAL PUBLIC LAW DAYS...........: 0




G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
 BOPOI          *        PUBLIC INFORMATION        *      04-07-2008
 PAGE 008       *          INMATE DATA             *      08:36:29
                        AS OF 12-07-1987

REGNO..: 02326-000 NAME: STAMPS, RUPERT

              RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-07-1987 VIA MAND PAR

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F2062-83B/F7089-83B
JUDGE..........................: BOWERS
DATE SENTENCED/PROBATION IMPOSED: 08-22-1984
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 07-13-1987
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  644
OFF/CHG: CPWOL; ATT ROBBERY; ROBBERY.  DC CODE VIOLATION

 SENTENCE PROCEDURE.............: DC CODE 5010(B) YCA INDETERMINATE 6 YRS
 SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS

--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-08-1987 AT OXF AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010




G0070      PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPOI         *        PUBLIC INFORMATION        *    04-07-2008
PAGE 009 OF 009 *             INMATE DATA              *    08:36:29
                          AS OF 12-07-1987

REGNO..: 02326-000 NAME: STAMPS, RUPERT

               RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
               PHONE..: 404-635-5100   FAX: 404-331-2403
DATE COMPUTATION BEGAN..........: 06-14-1984
TOTAL TERM IN EFFECT............:      6 YEARS
TOTAL TERM IN EFFECT CONVERTED..:      6 YEARS

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                      12-08-1983     06-13-1984

TOTAL JAIL CREDIT TIME..........: 189
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 12-07-1987
TWO THIRDS DATE.................: 12-07-1987
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-06-1989

NEXT PAROLE HEARING DATE........: 11-00-1987
TYPE OF HEARING.................: MANDATORY PAROLE

ACTUAL SATISFACTION DATE........: 12-07-1987
ACTUAL SATISFACTION METHOD......: MAND PAR
ACTUAL SATISFACTION FACILITY....: OXF
ACTUAL SATISFACTION KEYED BY....: DRH

DAYS REMAINING..................: 730
FINAL PUBLIC LAW DAYS...........: 0




G0070        PRIOR YCA INMT. PER PS5215,CONSULT REGION COUNSEL BEFORE DISCLOSURE
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rupert Stamps,                          )
                                        )
              Plaintiff,                )
                                        )
        v.                              )        Civil Action No. 08-cv-342
                                        )
Tracy Johns, et al.,                    )
                                        )
              Defendants.               )
_____ )

## DECLARATION OF DELAINE HILL

I, Delaine Hill, hereby declare and state the following:

1.      I am an Assistant General Counsel for the Federal Bureau of Prisons ("BOP") in

Washington, D.C.  I have been employed as an attorney with the Bureau of Prisons since August

2001.

2.      I have access to Bureau of Prisons records pertaining to administrative remedy

appeals submitted to this office and all computerized administrative remedy filings.

3.      Pursuant to 28 C.F.R. § 542.10 et seq., "Administrative Remedy Procedure for

Inmates," the BOP has implemented a three-tiered grievance mechanism which inmates must use

to forward complaints about any aspect of their confinement.  The procedure requires inmates to

first address their complaints informally to the institution staff, and if not resolved at that level

then formally to staff through a form commonly known as a "BP-9."  If dissatisfied with the

response at the institution level, an inmate may appeal his concerns to the Regional Director,

commonly known as a "BP-10".  If dissatisfied with the Regional Director's response, the inmate

may finally appeal to the General Counsel's office in the Central Office of the Bureau of Prisons,

commonly known as a "BP-11". Using this grievance mechanism allows the BOP to accurately and thoroughly investigate inmates allegations at all levels.

4.    On April 14, 2008, I searched the computerized administrative remedy records filed by plaintiff Rupert Stamps (BOP Inmate Number: 02326-000) and found that he has failed to exhaust all of his available administrative remedies before the BOP on claims made in this case.

5.    Specifically, BOP records indicate that Mr. Stamps has not exhausted any administrative remedy pertaining to the medical care that he has been provided while in BOP custody.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of April 2008 in Washington, D.C.

Delaine Hill
Assistant General Counsel
Litigation Branch
Federal Bureau of Prisons

2