UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RUPERT STAMPS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-342 (CKK) |
| **TRACY JOHNS** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINON**

Before the Court is a motion to dismiss the *pro se* complaint, which alleges individual capacity liability against several defendants for violations of certain statutes of the District of Columbia and the interstate agreement regarding medical treatment of prisoners. Because the complaint does not state a claim upon which relief may be granted, the motion to dismiss will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Background

Plaintiff Rupert Stamps was a prisoner at the Federal Correctional Center in Coleman, Florida at the time he filed this *pro se* complaint in the Superior Court for the District of Columbia against the Warden of the Coleman facility and five individuals involved in providing medical care to prisoners there, the Warden of a different federal prison facility, and the U.S. Attorney General. The complaint did not make clear whether the District of Columbia's Corporation Counsel was also intended as a defendant. Whatever the plaintiff's intent, the District of Columbia filed a motion to dismiss that was granted by the Superior Court, leaving only federal employees as defendants. The federal defendants removed the case to this court.

The complaint, which consists of only three sentences, alleges that the defendants violated D.C. Code §§ 24-701, 24-702, 24-703, and 24-704, and also makes reference to D.C. Code § 22-105. (Compl.) It further states that "[t]he Medical Staff have breached the DC Prisoner interstate contract agreement of medical terms violation and medical staff failure to grant medical treatment of physical body damage or repair the damage nor address the cause of the damage or provide healing." (*Id.*) Finally, it states that the defendants are being sued in their individual capacities, and seeks $5 million in damages. (*Id.*) The complaint is devoid of factual allegations; it consists only of legal conclusions cast in the form of factual allegations.

The federal defendants filed a motion to dismiss, presenting multiple arguments regarding lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. The plaintiff responded that this matter should be remanded to the Superior Court for the District of Columbia.

## Discussion

The complaint states clearly that each of the defendants is sued only in his or her individual capacity. The complaint was removed to federal court under a provision permitting the removal of actions against any officer of the United States or any person acting under that officer "sued in an official or individual capacity for any act under color of [federal] office." 28 U.S.C. § 1442(a)(1). As such, the matter is before this Court premised on the presence of a colorable federal defense, which provides the "federal question" over which this court has subject matter jurisdiction. *See Mesa v. California,* 489 U.S. 121, 129, 135-136 (1989).

> Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. . . . [I]t is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes. The removal statute itself merely serves to

      overcome the "well-pleaded complaint" rule which would otherwise preclude removal even if a federal defense were alleged.

*Id.* at 136.  *See also* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 14C Fed. Prac. & Proc. § 3727 (discussing federal officer removal jurisdiction).

      A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, - - , 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged").  A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations."  *Kowal,* 16 F.3d at 1276.  In deciding a motion brought under Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).  A court may take judicial notice of public records from other proceedings.  *Covad Communications Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts in public records of other proceedings).

      With one exception, the D.C. Code sections cited in the complaint provide for the examination of "drug users," as that term is defined in D.C. Code § 24-702, who are not charged with or under sentence for a criminal offense.  D.C. Code § 24-703(b).  These sections are part of D.C.'s civil commitment provisions for drug users who are not involved with the criminal justice

system.  *See* D.C. Code §§ 24-701 – 24-711 (providing for the detention, examination, status determination, and commitment for treatment for drug users); *see also* 24-703(b) (specifically excepting any person under criminal accusation or sentence).  It appears that the plaintiff's reference to D.C. Code § 22-105 is in error and that he means to refer to the criminal co-conspirator liability referenced in D.C. Code § 22-1805.  Plaintiff has not stated an actionable claim against any of the defendants with respect to these Code provisions.  The conduct of the federal personnel named as defendants in this suit is not governed by provisions of the D.C. Code.  In other words, the defendants owe no duty to the plaintiff on account of the D.C. Code provisions cited, and the plaintiff has no right of action against the Wardens or the medical staff on account of these D.C. statutes.  In addition, the D.C. Code sections relating to drug users do not apply to the plaintiff, as he is under criminal sentence and expressly excepted from those provisions.  *See* D.C. Code § 24-703(b) (excepting those charged with or under sentence for a criminal offense).

The complaint also makes reference to "the DC Prisoner interstate contract agreement," which, in the absence of any greater specification, the Court construes as a reference to the Interstate Corrections Compact Act of 1988 ("Compact"), codified at D.C. Code § 24-1001.  The complaint alleges that the defendants violated the medical terms of that agreement.  The Compact, however, does not include any provisions regarding medical treatment or services.  Rather, the Compact provides only that

> All inmates confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be treated equally with similar inmates of the receiving state confined in the same institution.  The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which the inmate would have had if confined in an appropriate institution of the sending state.

D.C. Code § 24-1001, Art. IV(e).  The plaintiff has not offered any facts in support of his conclusory allegation that defendants violated the medical terms of the Compact.  Thus, the

complaint does not state a claim upon which relief may be granted with respect to the allegedly deficient provision of medical services and treatment.

## Conclusion

Because the complaint does not state a claim against the federal defendants upon which relief may be granted, the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A final order accompanies this memorandum opinion.

DATE: January 28, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge